William P. Ramey, III (*not admitted*)
Texas Bar No. 24027643
Ramey & Schwaller, LLP
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

John B. Thomas
SBN 269538
Hicks Thomas LLP
8801 Folsom Boulevard, Ste. 172
Sacramento, California 95826
(916) 388-0822 (telephone)
(916) 691-3261 (fax)
jthomas@hicks-thomas.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Global Equity Management (SA) Pty. Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>eBay, Inc.,<br><br>Defendant. | Case No.   3:17-cv-02178-WHA<br><br>**REPLY IN SUPPORT OF[1] OPPOSED MOTION TO WITHDRAW AS COUNSEL**<br><br>Hearing Date: August 3, 2017<br>Hearing Time: 8:00 a.m.<br>Judge: The Hon. William Alsup |

---

[1] And in Reply to DEFENDANT EBAY, INC.'S RESPONSE IN OPPOSITION TO WILLIAM P. RAMEY, III AND JOHN THOMAS'S OPPOSED MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF (Docket No. ["D.N."] 73-1).  Defendant eBay, Inc. is at times herein referred to as "eBay."

# I. ISSUES TO BE DECIDED

1) Can this Court simultaneously allow a corporation's attorney to withdraw and order a deadline for the corporation to have new counsel appear?

2) Does the granting of a motion to withdraw terminate a court's sanction power over counsel?

3) Here, do the four relevant withdrawal factors support the granting of withdrawal?

# II. SUMMARY OF RELEVANT FACTS

William P. Ramey, III and John Thomas have moved for withdrawal from representation of Plaintiff GEMSA because of GEMSA's failures to maintain communication and fulfill its engagement-agreement obligations that prevent Movants from effectively representing GEMSA in this matter.[2] Movants have also moved for withdrawal from the stayed Eastern District of Texas GEMSA cases.[3]

Hicks Thomas LLP and John Thomas appeared only as local counsel in the Northern District of California and have not been involved except to file documents in the Northern District of California. There does not appear to be an objection to the withdrawal of Hicks Thomas LLP and John Thomas in this matter. Neither Hicks Thomas LLP or John Thomas were involved in representing Global Equity Management (SA) Pty. Ltd. in Texas.

---

[2] Motion generally and at ¶¶ 2, 3.

[3] D.N. 257 in lead case Civ. No. 2:15-cv-00095 in the Eastern District of Texas (Exhibit 1 hereto). Pursuant to Fed. R. Evid. 201(b)(2), (c)(2), Movants request this Court take judicial notice of each court filed documents referenced in this Reply, the contents of which can be accurately and readily determined from sources (PACER and each court, including the Eastern District of Texas, clerk's office) whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2), (c)(2).

Additionally, as a matter of attempted convenience for the Court, William P. Ramey, III, of Ramey & Schwaller, LLP, did not file a motion *pro hac vice* in this matter as withdrawal was sought.

Though notified of the motion prior to its filing, to date GEMSA has not responded to Movants' Motion.[4] William P. Ramey, III has notified GEMSA of the case status and has represented to the Court that he will send Rafizadeh a 30-day docket if the Court grants this motion, he stands ready to deliver to GEMSA all papers and property to which the client is entitled, and that the withdrawal will not have a detrimental effect on GEMSA or its representation in this case nor cause any delay in this proceeding or prejudice any party.[5] Until recently, the case had been stayed.[6] There are no current docket dates.[7]

eBay has previously argued that the distance between California and Texas would cause significant inconvenience for a person in California to litigate in Texas.[8]

### III.  ARGUMENT

#### A. EBAY'S CORPORATION-CANNOT-APPEAR-*PRO-SE* ARGUMENT IS NOT A GROUND FOR DENYING THE MOTION TO WITHDRAW.

It is clearly permissible to allow an attorney to withdraw though the corporate party has not yet had new counsel make an appearance. "[F]ederal courts routinely include, in orders granting motions to withdraw, a directive that corporate parties file a substitution of counsel by a date certain

---

[4] *See* this Court's Docket generally and Motion at ¶ 2.

[5] Motion at ¶¶ 4–6 and p. 2.

[6] *See* Motion at p. 2.

[7] *See* this Court's Docket generally and Motion at p. 2.

[8] DEFENDANT EBAY INC.'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (Docket No. 10 in Civ. Act. No. 2:16-cv-00098-RWS-RSP in the Eastern District of Texas), generally.

or face default;"[9] i.e., courts routinely permit withdrawal while also directing the corporate party to have new counsel make an appearance at some later date. The Northern District of California has allowed attorney withdrawal even without also simultaneously ordering a deadline for a corporate party to have new counsel appear on the party's behalf.[10] In fact, Civ. L.R. 11-5(b) expressly contemplates attorney withdrawal without simultaneous appearance of substitute counsel.[11] In short, granting the motion to withdraw does not prevent this Court from requiring GEMSA to have new counsel appear in this suit.

### B. EBAY'S FLEEING-THE-COURT'S-JURISDICTION-TO-IMPOSE-SANCTIONS ARGUMENT IS NOT A GROUND FOR DENYING THE MOTION TO WITHDRAW.

eBay appears to argue the motion to withdraw should be denied because granting the motion would prejudice eBay because the Court would lose jurisdiction to impose sanctions against the withdrawing attorneys.[12] eBay fails to cite a single case denying a motion to withdraw on such ground.[13] That complete failure is not surprising because a court need not deny a motion to withdraw

---

[9] *Milliner v. Bock Evans Fin. Atty., Ltd.*, No. 5-CV-01763-TEH, 2016 U.S. Dist. LEXIS 13056, at **5–6 (N.D. Cal. Feb. 3, 2016).

[10] *Id.*; *Zhixun Samuel Sun v. Collection*, No. 10-CV-01055-LHK, 2011 U.S. Dist. LEXIS 16742, at **4, 6 (N.D. Cal. Feb. 18, 2011).

[11] Civ. L.R. 11-5(b) states, in part, "When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se," and has no exclusion for corporate parties.

[12] (D.N. 73-1) at 2 (stating, "[T]his Court should retain jurisdiction over GEMSA's Counsel to permit eBay to file motions seeking attorney's fees, costs, sanctions . . .") and 6 (stating, "GEMSA's Counsel . . . should not be permitted to attempt to run and hide from this Court's jurisdiction to avoid the adverse consequences of its actions."); *see also id.* at 7 and 8.

[13] Response (D.N. 73-1) at 7, 8.

to keep jurisdiction to impose sanctions against former counsel;[14] i.e., the granting of a motion to withdraw does not terminate a court's sanction power over counsel. In fact, eBay itself argues and cites supporting case law for the proposition that the granting of withdrawal does not terminate a court's sanction power over counsel.[15]

A "Court need not 'retain jurisdiction' over counsel when granting a motion to withdraw. If the members of the [withdrawing firm] have been responsible for sanctionable conduct, the Court is not stripped of authority to impose sanctions upon them merely by virtue of the [withdrawing firm]'s withdrawal as counsel of record."[16] Accordingly, conditioning withdrawal on a court stating that it retains jurisdiction to award sanctions against withdrawing counsel is unnecessary.[17] However, neither Plaintiff or its counsel has undertaken any sanctionable conduct in this matter.

### C. THE RELEVANT WITHDRAWAL FACTORS SUPPORT GRANTING WITHDRAWAL HERE.

Factors relevant to deciding a motion to withdraw include:

1. the reasons counsel seeks to withdraw;
2. the possible prejudice that withdrawal may cause to other litigants;
3. the harm that withdrawal might cause to the administration of justice; and
4. the extent to which withdrawal will delay resolution of the case.[18]

While Movants' Motion substantively addresses these relevant factors, eBay's Response ignores those factors.

---

[14] *Milliner*, 2016 U.S. Dist. LEXIS 13056, at *5 (N.D. Cal. Feb. 3, 2016).
[15] Response (D.N. 73-1) at 7, 8.
[16] *Milliner*, 2016 U.S. Dist. LEXIS 13056, at *5.
[17] *Id.*
[18] *Milliner*, 2016 U.S. Dist. LEXIS 13056, at **2–3 (internal citation omitted).

As discussed in more detail below, these factors support the granting of withdrawal.

**1. The reasons counsel seek to withdraw supports granting the motion to withdraw.**

Good cause for withdrawal; i.e., cause supporting granting a motion to withdraw includes a party's:

- failure to fulfill its obligations under an attorney engagement agreement;[19]
- failure to maintain regular communication with its counsel;[20] or
- conduct that makes it unreasonably difficult (e.g., by insufficient communication) for the party's attorney to carry out his or her duties.[21]

**2. The possible prejudice that withdrawal may cause to other litigants supports granting the motion to withdraw.**

Here, eBay does not assert any potential prejudice to the other litigants.[22]  Rather, the only potential prejudice eBay addresses is prejudice that is not among the relevant withdrawal factors,[23] i.e., potential prejudice to the withdrawing attorneys.

Further, Movants have in fact moved for withdrawal from the stayed Eastern District of Texas GEMSA cases.[24]  Further, eBay cites no supporting legal authority for its argument that litigating patent cases halfway across the country (i.e., in California) causes no prejudice to a Texas attorney

---

[19] *Id.* at *2;  *Zhixun Samuel Sun*, 2011 U.S. Dist. LEXIS 16742, at **4, 6 (N.D. Cal., Feb. 18, 2011);  Cal. R. Prof. Conduct 3-700(C)(1)(f); *see also* Motion at ¶ 4.

[20] *Brown v. City of Antioch*, No. 16-cv-05102-LB, 2017 U.S. Dist. LEXIS 86994, at **2, 3 (N.D. Cal. June 6, 2017); *see also* Motion at ¶¶ 2, 3.

[21] *Id.*, at **3, 5; *see also* Motion at ¶¶ 2, 3.

[22] Response (D.N. 73-1), generally.

[23] *Milliner*,  2016 U.S. Dist. LEXIS 13056, at **2–3  (internal citation omitted).

[24] D.N. 257 in lead case Civ. No. 2:15-cv-00095 in the Eastern District of Texas (Exhibit 1 hereto).  Pursuant to Fed. R. Evid. 201(b)(2), (c)(2), Movants request this Court take judicial notice of each court filed documents referenced in this Reply, the contents of which can be accurately and readily determined from sources (PACER and each court, including the Eastern District of Texas, clerk's office) whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2), (c)(2).

handling Texas suits regarding the same patents. Further, such argument of eBay is contrary to eBay's earlier arguments that litigating this case in Texas rather than California would be far less convenient to eBay.[25]

Here, the cases had been stayed and there are no current docket dates and, thus, the withdrawal will cause no prejudice to the other litigants.[26]

### 3. The harm that withdrawal might cause to the administration of justice supports granting the motion to withdraw.

Because, as explained above and below, the cases had been stayed and there are no current docket dates, there is no evidence that withdrawal might harm the administration of justice. eBay does not assert any potential harm to the administration of justice.[27]

### 4. The extent to which withdrawal will delay resolution of the case supports granting the motion to withdraw.

Because the cases had been stayed, there are no current docket dates, the withdrawal will not delay the case's resolution.[28] eBay does not assert any potential delay in the case's resolution.[29]

Further, any potential delay can be minimized by the Court ordering the party to retain new counsel within 30 days of granting the withdrawals.[30]

---

[25] DEFENDANT EBAY INC.'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (Docket No. 10 in Civ. Act. No. 2:16-cv-00098-RWS-RSP in the Eastern District of Texas), generally..

[26] Motion at 2; Response (D.N. 73-1), generally.

[27] Response (D.N. 73-1), generally.

[28] Motion at 2.

[29] Response (D.N. 73-1).

[30] *Zhixun Samuel Sun*, 2011 U.S. Dist. LEXIS 16742, at *5 (N.D. Cal., Feb. 18, 2011).

In summary and though eBay's Response ignores the relevant factors, those factors support the granting of withdrawal, especially for John Thomas of Hicks Thomas LLP.

DATED:  July 6, 2017                    Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

**Hicks Thomas LLP**

John B. Thomas
SBN 269538
8801 Folsom Boulevard, Ste. 172
Sacramento, California 95826
(916) 388-0822 (telephone)
(916) 691-3261 (fax)
jthomas@hicks-thomas.com

**Attorneys for GEMSA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document is being served on all counsel of record via the Court's ECF system on July 6, 2017.

/s/ William P. Ramey, III
William P. Ramey, III