IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GLOBAL EQUITY MANAGEMENT (SA) PTY. LTD. | No. C 17-02177 WHA<br>No. C 17-02178 WHA<br>No. C 17-02435 WHA<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |

Defendants in the above-captioned actions filed substantially similar briefs in opposition to plaintiff's counsel's motions to withdraw. Defendants in Case Nos. 17-2177 and 17-2178 also filed administrative motions to file said briefs under seal, but defendants in Case No. 17-2435 did not. Since the underlying motions to withdraw bore little or no relation to the merits of these cases, only good cause is required to justify sealing. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

As an initial matter, no good cause remains to seal any information already filed on the public docket in Case No. 17-2435. Neither administrative motion took this into account.

Additionally, in Case No. 17-2177, defendants' administrative motion and supporting declaration simply assert, without further explanation, that the information sought to be filed

under seal has been designated "confidential" pursuant to a protective order (*see* Dkt. Nos. 105, 105-1). In our district, however, mere "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A). Also, even if defendants had offered a separate basis for sealing — which they did not — even a cursory review of their request reveals that it is not "narrowly tailored to seek sealing only of sealable material" as required by Civil Local Rule 79-5(b). As just one of many examples, defendants seek to redact simple *letters* and *numbers* used in pinpoint citations (*e.g.*, Dkt. No. 105-4 at 5 nn.1–4).

In Case No. 17-2178, defendant seeks to file under seal the *entirety* of its opposition brief and attachments thereto. This request is not even close to "narrowly tailored to seek sealing only of sealable material" as required by Civil Local Rule 79-5(b). Moreover, the administrative motion simply asserts, without further explanation, that "[t]hese documents contain confidential settlement communications between the parties and sensitive business information belonging to [defendant]" (Dkt. No. 73). The supporting declaration does not even say that much (*see* Dkt. No. 73-1) and indeed makes no attempt whatsoever to establish that the documents sought to be filed under seal in their entirety are actually sealable as required by Civil Local Rule 79-5(d)(1)(A).

Both administrative motions to file under seal in Case Nos. 17-2177 and 17-2178 are **DENIED**. Counsel in all three above-captioned actions shall fully comply with our Civil Local Rules and heed all applicable standards governing sealing of court records in our circuit and district in any future administrative motions to conceal said records from the public.

**IT IS SO ORDERED.**

Dated: September 14, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2