William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
David A. Randall (SBN 156722)
drandall@brookskushman.com
BROOKS KUSHMAN P.C.
601 S. Figueroa, Suite 2080
Los Angeles, CA 90027-5780
Tel.: (213) 622-3003
Fax: (213) 622-3053

Attorneys for Plaintiff
GLOBAL EQUITY MANAGEMENT
  (SA) PTY. LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL EQUITY MANAGEMENT (SA) PTY. LTD., <br><br> Plaintiff, <br><br> v. <br><br> EBAY, INC. <br><br> Defendants. | Case No. 3:17-cv-02178-WHA <br><br> **PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO INTERVENE** <br><br> Judge: Hon. William H. Alsup |

Plaintiff Global Equity Management (SA) Pty. Ltd. (hereinafter "GEMSA") files this brief in opposition to the motion to intervene filed by GEMSA's previous counsel Ramey and Schwaller LLP (hereinafter "R&S"). The grounds for this opposition are set forth below.

## I. BACKGROUND

GEMSA engaged R&S as its previous counsel in the present case. The relationship between GEMSA and R&S broke down and R&S moved to withdraw as counsel for GEMSA which was granted by this Court on September 12, 2017 (Dkt. #124). GEMSA tried to resolve the dispute with R&S but was unable to do so. On December 15, 2017, GEMSA filed suit in state court in Texas to resolve the dispute. A copy of that complaint is being filed herewith as Exhibit A. A courtesy copy of the complaint was sent to R&S but was not served to see if something could still be worked out.

As this Court is aware, from the status filing on April 27, 2018, the patents in suit, the '400 and '677 patents were held unpatentable in the related IPR proceedings on April 20th and 21st of this year. On April 24, 2018, R&S filed the present motion to intervene in this case.

GEMSA readily admits there is a dispute with its prior counsel, but believes R&S's claims are without merit and the present motion was filed to try to interfere in this case and hurt its previous client over a fee dispute.

In any event, this is not the forum to resolve this dispute and intervention should not be granted.[1] This dispute belongs in Texas.[2]

---

[1] R&S filed the same motion to intervene in the related case in this district and also filed the same motion to intervene in the patent cases pending in Texas.

[2] Indeed, R&S has already chosen Texas as its forum to fight with its former client GEMSA. R&S was sued for non-payment by the document company that was involved in the underlying patent cases in the Texas state court. R&S filed an answer and third-party complaint seeking to add GEMSA to that case in the state court in Texas which it is now trying to serve. (*See* Exhibit B, being filed concurrently herewith.)

## II.     THE RELEVANT AUTHORITY

Fed R. Civ. P. 24(a)(2) governs intervention as of right.  An applicant seeking intervention as of right must show that:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997), *cert. denied,* 118 S. Ct. 2319 (1998).  "The party seeking to intervene bears the burden of showing that ***all the requirements*** for intervention have been met."  *United States v. Alisal Water Corporation,* 370 F.3d 915, 919 (9th Cir. 2004) (emphasis added).  "There is simply no right to intervene based on the fact that the outcome of a case may increase or decrease the collectability of a third-party's claim against a party."  *White v. United States*, 2006 U.S. Dist. LEXIS 41249, at *8 (D. Ariz. June 19, 2006) (citing *Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977); *accord In re Nucoa Real Margarine Litig.*, 2012 U.S. Dist. LEXIS 189901, at *74 (C.D. Cal. June 12, 2012) (finding no significantly protectable interest and expressing "concern[] about the policy implications of permitting discharged attorneys to intervene in the disposition of their former client's cases").

Permissive intervention, although not specifically alleged, has similar requirements.  An applicant who seeks permissive intervention must prove that it meets three threshold requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."  *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

IV.     ARGUMENT

A.    Intervention as a Matter of Right is Not Appropriate

   1.   R&S Does Not Have a Significant Protectable Interest Warranting Intervention

Intervention as of right is improper because R&S does not have a significant protectable interest. Whether the Defendant in this action infringes the patents in suit and/or whether the patents in suit are valid and enforceable has nothing to do with the fee dispute between GEMSA and R&S. R&S tries to make this connection by alleging a Count against Defendant for patent infringement even though it has no ownership rights in the patents. This is nonsensical and shows the lengths R&S is willing to go to hurt its previous client. If a fee dispute over an underlying case was all that was needed, an attorney could intervene in every case. This is not the law.

In *Susquenita Sch. Dist. v. G.W.*, 2012 U.S. Dist. LEXIS 59422, at *12-14 (M.D. Pa. Apr. 13, 2012, emphasis added) the Court held:

> **Of course, while there are significant policy reasons to reject Ms. Husic's and RCG's position that a desire to collect attorney's fees constitutes an interest in a case, the Court is satisfied that the text of the rule does not support such a conclusion. Ms. Husic and RCG identify no cases from the Third Circuit or any district courts in this circuit in which a right to intervene in such circumstances was recognized.** The only case they have identified that would support the concept of an attorney intervening to protect his attorney's fees is a thirty-year-old case from the Fifth Circuit which has been severely criticized by the Fifth Circuit. **The Court agrees with the reasoning of the Second Circuit which found that an interest in attorney's fees "is unrelated to the underlying cause of action."** *Butler, Fitzgerald & Potter*, 250 F.3d at 177; see also *Gov't of the V.I. v. Lansdale*, No. 2001-cv-157, 2010 U.S. Dist. LEXIS 75804, at *12 (D.V.I. July 26, 2010) (concluding that a former attorney's interest in fees "is merely economic and as such, does not constitute an interest sufficient for intervention under Rule 24(a)."); *Premiere, Inc. v. Commercial Underwriters Ins*. Co., No. 02-3199, 2004 U.S. Dist. LEXIS 54, at *8 (E.D. La. Jan. 5, 2004) (denying intervention to an attorney because the unpaid hourly attorneys' fees did not constitute "a direct, substantial, and legally protectable interest in the property or transaction that forms the basis of the controversy"). Accordingly, the Court concludes that Ms. Husic and RCG have no interest justifying intervention in this action."

1   Similarly, in *In re Nucoa Real Margarine Litig.*, 2012 U.S. Dist. LEXIS 189901, at *74-75 (C.D. Cal. June 12, 2012, emphasis added) the court held:

> Like the court in *Butler*, this court is **concerned about the policy implications of permitting discharged attorneys to intervene in the disposition of their former client's cases.** Although Beck & Lee seeks only to intervene in proceedings related to plaintiff's request for approval of a settlement, its argument could easily be extended to other aspects of the litigation. As discharged lawyers with contingency agreements are entitled to no compensation at all unless the contingency (typically success at trial or settlement) occurs, an attorney could, under Beck & Lee's logic, intervene to prevent a plaintiff from making poor litigation decisions that would jeopardize its ability to recover attorneys' fees.

In *Newman v. Mut. Life Ins. Co.,* 206 F.R.D. 410, 412 (D. Md. 2002) the Court held:

> [O]ther means exist for G&B to protect its interest, including seeking recovery *quantum meruit* in a separate proceeding. That would in no way affect their claim of a lien on any judgment Newman might recover. Indeed, there is no reason why notice of G&B's lien could not be served directly on Newman's present counsel, just as medical liens are placed in the hands of attorneys litigating or settling claims."

There is simply not a sufficient connection between the fee dispute and this case to warrant intervention.

### 2. The Disposition of this Action Will Not Impair or Impede Applicant's Ability to Protect Its Interest -- R&S May Protect Its Purported Interest by Other Means

In *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977), the Ninth Circuit held that an intervenor could not show that his interest would be impaired when he was free to simply bring another action to protect that interest. "[I]f a party has another avenue available to it through which it may seek protection of its purported interest, it cannot 'as a practical matter' claim that its interest will be impaired without intervention." *White v. United States*, 2006 U.S. Dist. LEXIS 41249, at *9 (D. Ariz. June 19, 2006). The pending state cases in Texas. Also, R&S can simply file a notice of attorney lien in this case to protect its interest as well.

### 3. The Motion Is Not Timely

R&S was granted a withdrawal on September 12, 2017. A suit was filed in State court by GEMSA in December of last year. R&S offers no reason why it waited so long to file its motions to intervene, months after the withdrawal was granted. To the extent there is a dispute, it should be settled in the first filed State court action in Texas.

### 4. The Existing Parties Will Adequately Represent the Applicant's Purported Interest

GEMSA of course wants to win the case. The Defendant does not want GEMSA to prevail. Adding R&S does nothing to protect R&S's interest. If GEMSA wins, R&S can enforce its lien and or deal with this in the numerous Texas cases.

## B. Permissive Joinder is also Inappropriate

### 1. R&S's Claim Does Not Share a Common Question of Law or Fact with the Main Patent Infringement Action

As set forth above in Section A. 1., R&S does not meet the first requirement for permissive intervention.

### 2. Timeliness

As set forth above, the motion of R&S to intervene is not timely.

### 3. This Court Does Not Have an Adequate Basis For Independent Jurisdiction

The relationship and agreement between GEMSA and R&S was centered in Texas and all the original patent infringement filings were made in Texas. R&S resides in Texas and GEMSA resides in Australia. There is no evidence that GEMSA is subject to personal jurisdiction in California and such jurisdiction is not even alleged in the proposed Complaint in intervention. On this basis alone, this motion must be denied.

#### 4. Permissive Intervention is Discretionary

As set forth in *Donnelly*, intervention is discretionary. Even if the Court were to find that the *Donnelly* factors for permissive were met, which GEMSA strongly disagrees with, there are many practical problems with intervention and this Court should exercise its discretion to deny the motion to intervene. If the Court were to allow the complaint, it could require potential compulsory counterclaims by GEMSA against R&S for its work on this case. Will the Defendant be involved in discovery on the fee dispute case which will involve privileged information? If the patents are reinstated by the Federal Circuit, are all these parties to be involved in final discovery, motions and trial on the patent issues? Will R&S be allowed to sue the Defendant for patent infringement? Will the Court or a jury hear all the disputes together? If the claims are severed, why decide a dispute between a Texas law firm and an Australian company in California? Also, as R&S has filed the same motion to intervene in the Texas patent case, are there to be duplicate federal and state proceedings which could end up with different results. As a practical matter, this motion makes no sense.

This case is presently stayed. If notwithstanding this opposition, this court is inclined to grant the motion and resolve the legal representation issues between GEMSA and R&S (instead of letting the Texas courts resolve the issue, where there is at least personal jurisdiction over these issues), this claim should be severed and the stay should remain in effect. As a practical matter, as R&S is seeking a percentage of any recovery, until a recovery is determined (if any), this case cannot even be resolved.

### V.     CONCLUSION

This motion in intervention is not well-founded in fact or law. In fact, based on the above it is clear it is being filed in numerous cases to harass GEMSA. GEMSA should be awarded its costs and fees for having to respond to this motion.

GEMSA and R&S do have a dispute regarding the prior representation. R&S can simply file a notice of attorney lien in this case, and it will either stand or fall based on what the Texas

court decides on the dispute. The proper forum for this dispute is in Texas, not in the underlying patent case. The motion for intervention should be denied.

Dated: May 8, 2018    Respectfully submitted,

BROOKS KUSHMAN P.C.

By: /s/ William E. Thomson, Jr.
William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
Brooks Kushman P.C.
601 S. Figueroa, Suite 2080
Los Angeles, CA 90027-5780
Tel.: (213) 622-3003
Fax: (213) 622-3053

*Attorneys for Plaintiff Global Equity Management (SA) Pty. Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel who have entered an appearance in this action.

Dated:  May 8, 2018                               /s/ William E. Thomson, Jr.
                                                                   William E. Thomson, Jr.